# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DEVONTAE WESSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the emergency motion of defendant Devontae Wesson ("Wesson") for immediate release. (Doc. No. 49 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 50 ["Opp'n"].) For the reasons that follow, Wesson's motion is DENIED.

**I. BACKGROUND**

On May 22, 2019, Wesson was charged with multiple drug-related charges—including distribution of cocaine base (crack) and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and weapons charges, including possession of firearms in further of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1 [Indictment].) At his arraignment on June 12, 2019, Wesson waived his right to a detention hearing and consented to being held without bail pursuant to 18 U.S.C. § 3142), but reserved "the right to revisit the issue of a detention hearing at a later time." (Doc. No. 12 (Waiver/Order of Detention ["Waiver"]) at 26.)

On January 17, 2020, pursuant to a plea agreement, Wesson entered a guilty plea to seven of the eight charges in the indictment. (17-17-2020 Minutes; Doc. No. 40 [R&R]; Doc. No. 45 [Order Adopting R&R Recommending Acceptance of Guilty Plea]; Doc. No. 46 [Plea Agreement].) Wesson is scheduled to be sentenced on May 5, 2020.

## II. DISCUSSION

On April 2, 2020, Wesson filed the present motion in which he seeks "immediate release in light of the increasingly dire COVID-19 coronavirus pandemic." (Mot. at 322.) He posits that the detainees in his facility "face especially high risk" of contracting COVID-19. (*Id*. at 328). According to Wesson, "[t]he majority of the individuals imprisoned there are housed in small cells with a shared toilet and sink, and eat meals and have recreation with the other members of their pods." (*Id*.) Wesson concedes that he faces "an inevitably lengthy prison sentence when he is sentenced on May 5, 2020." (*Id*. at 329.) But he suggests that "[a]llowing him the opportunity to return home to his family, under any conditions imposed by this Honorable Court, is appropriate so that he may help support his family during this pandemic." (*Id*.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143). Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of

imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). Here, Wesson was subject to mandatory detention because he pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. (*See generally* Plea Agreement.) Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Wesson is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition,

established "exceptional circumstances" to justify his temporary release. But Wesson does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 326-29.) As set forth in the government's response, U.S. Marshals Service has taken extraordinary measures to limit the threat posed by COVID-19. These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (Opp'n at 335-37.) Wesson's institution has also taken several safety following measures to stop the spread of the virus. (*Id*. at 337, citing https://www.corecivic.com/en-us/information-on-covid-19.) While the Court is sympathetic to Wesson's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19).

Finally, Wesson remains a flight risk. Not only is he potentially facing a significant term of imprisonment—a fact that he concedes in his motion—he has a history of flight. As the government notes, in 2015, Wesson failed to appear for a criminal drug case in state court. Also in 2015, Wesson violated his community control on firearms charges, and was found guilty of failure to comply with a police officer and resisting arrest in 2019.[1] (Opp'n at 334; Doc. No. 47

---

[1] These facts also leave the Court far from convinced that Wesson would remain compliant on supervised release. A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk

(Presentence Investigation Report ["PSR"]) at 308-10).) These facts, coupled with the weapons violation in this case to which he has already pleaded guilty, compel the Court to find that Wesson continues to be a flight risk and a risk to the safety of the community. Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

### III. CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in the government's response opposing the motion, Wesson's emergency motion for immediate release is DENIED.

**IT IS SO ORDERED**.

Dated: April 9, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).