# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-309 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| DEVONTAE WESSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Devontae Wesson ("Wesson") for "Resettlement to Clarify Judgment." (Doc. No. 65 (Motion).) Wesson has also filed a letter in support (*see* Doc. No. 66 (Correspondence)), which the Court construes as a motion for clarification of the Federal Bureau of Prisons' ("BOP") calculation of time-served credits. Plaintiff United States of America (the "government") opposes the motions. (Doc. No. 68 (Response).) Because the Court lacks jurisdiction to grant Wesson the relief he seeks, the motions are DISMISSED.

On August 28, 2020, the Court sentenced Wesson to a term of imprisonment of 111 months "with credit for time served." (Doc. No. 61 (Judgment) at 3;[1] *see* Doc. No. 64 (Sentencing Hearing Transcript), at 44.) Neither the transcript of the proceedings, nor the Court's judgment mention the

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

state court sentence that Wesson had already served in full at the time of sentencing in federal court. (*See generally id*.) According to the BOP website, Wesson is currently serving his sentence at Ashland FCI in Ashland, Kentucky, and has an anticipated release date of February 8, 2028. (*See* https://www.bop.gov/inmateloc/, last visited June 22, 2023.)

In his motion for resettlement, Wesson seeks the Court's assistance "to clarify for the [BOP] the actual nature of the sentences, whether concurrent or consecutive, at the time of sentencing." (Doc. No. 65, at 1.) He admits that he is "currently serving a sentence with the federal sentence running consecutive to the expired state sentence[.]" (*Id*. at 2.) He represents that he "believe[s he] remember[s] the day of sentencing very vividly." (Doc. No. 66, at 1.) He concedes, nevertheless, that "when reviewing the sentencing transcripts, details discussed in regard[] to the [f]ederal [s]entence and the [s]tate sentence were not on record." (*Id*.)

Title 18 U.S.C. § 3584(a) provides, in relevant part, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the Court did not specify that its sentence was to run concurrently with the already completed state sentence, the effects of the Court's judgment was it was to be served consecutively with any state court sentence. Insofar as Wesson is now asking the Court to amend its judgment to modify that federal sentence by ordering it to run concurrently with his discharged state sentence, the Court lacks jurisdiction to do so.

It is well settled that a district court does not have the inherent power to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (citations omitted). Rather, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Civil Procedure[.]" 18 U.S.C.

§ 3582(c)(1)(B). Rule 35 is inapplicable herein, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the Court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Moreover, Wesson does not suggest that the Court's sentence was the result of any type of clear error.

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36[.]" *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "a clerical error" or "an error in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct clerical errors, and not to cure "unexpressed sentencing expectations[.]" *Robinson*, 368 F.3d at 656–57 (quotation marks and citations omitted). Accordingly, there is no federal statute or rule that permits the Court to modify its sentence at this late date. *See United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (reversing district court's order amending its judgment specifying that its federal sentence was to run concurrently with a state sentence, as not permitted by Fed. R. Crim. P. 36).

Moreover, to the extent that Wesson is challenging the BOP's calculation of his credit for time served prior to sentence, all claims challenging the execution of the prisoner's sentence are properly brought under 28 U.S.C. § 2241. *Id.* Accordingly, a petitioner seeking to challenge how his confinement is being executed, such as the conditions of his confinement or the determination of a release date, must seek relief via a petition under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991).

By challenging the BOP's calculation of his time-served credit, Wesson is attacking the execution of his sentence. Consequently, he must file a habeas petition under § 2241 in the district in which he is being confined. *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (federal prisoners are required to file § 2241 petitions "in the court having jurisdiction over the prisoner's custodian"); *In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir. 1997) (citations omitted). Because Wesson is in custody outside of the Northern District of Ohio, this Court lacks jurisdiction to consider the motion. *Jalili*, 925 F.2d at 893–94. Moreover, transfer to the district where he is confined would be inappropriate because Wesson has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of an inmate's jail time credit and release date. *See Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (Table), 1995 WL 113825 (6th Cir. 1995) (district court did not abuse its discretion in refusing to transfer case challenging sentencing credit to jurisdiction of confinement where petitioner did not demonstrate exhaustion of administrative remedies (citing, among authority, *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992))); *see also Gay v. Fed. Bureau of Prisons*, No. 3:21-cv-933, 2022 WL 1432554, at *2 (M.D. Tenn. May 5, 2022) (describing the procedure for exhausting remedies through the BOP administrative grievance process).

Because this Court lacks jurisdiction over Wesson's challenge to the execution of his sentence, his motions are DISMISSED without prejudice so that he may file a petition under 28 U.S.C. § 2241 in the judicial district where he is serving his sentence, after he has exhausted his administrative remedies. *See also Jalili*, 925 F.2d at 893–94; *see, e.g., United States v. Webb*, 887 F.2d 1082 (Table), 1989 WL 117898 (6th Cir. 1989) (remanding § 2255 motion for dismissal by

the sentencing court for want of jurisdiction where motion challenged calculation of release date and was not brought in the district of prisoner's confinement).

    **IT IS SO ORDERED**.

Dated: June 23, 2023

                                       **HONORABLE SARA LIOI**
                                       **UNITED STATES DISTRICT COURT**
                                       **CHIEF JUDGE**