**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:19-cr-309 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| DEVONTAE WESSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the motion of *pro se* defendant, Devontae Wesson, for a judicial recommendation for residential reentry center ("RRC") placement. (Doc. No. 70.) Attached to the motion are various records from the Bureau of Prisons ("BOP"), including Wesson's Release and Reentry Plan, his Recidivism Risk Assessment, and documents detailing Wesson's prison programming and disciplinary record. (Doc. Nos. 70-1 through 70-3.)

On August 28, 2020, the Court sentenced Wesson to a custody term of 111 months, following his guilty plea to numerous federal drug trafficking offenses. (Doc. No. 61 (Judgment).) Wesson is serving his sentence at Lexington FMC and has a projected release date of February 8, 2028. *See* https://www.bop.gov/inmateloc/ (last visited 5/8/2026).

The BOP, pursuant to 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act, Publ. L. No. 110-119, § 251(a), 122 Stat. 657 (Apr. 9, 2008), may place an inmate in an RRC for no longer than 12 months at the end of his sentence. 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of

imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); *see Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009).

The BOP's decision whether to place a prisoner in an RRC at the end of his sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). The sentencing court, therefore, is permitted, where appropriate, to make a non-binding recommendation to the BOP. Notwithstanding any recommendation from the sentencing court, however, the BOP retains exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see also Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. But decision[-]making authority rests with the BOP." (internal citation omitted, emphasis in original)).

The Court understands that, owing to the time remaining in his sentence, the BOP may not yet be in a position to evaluate Wesson for RRC placement. Nevertheless, the Court has reviewed Wesson's record to date, including his programming and institutional disciplinary record, and believes he may be an appropriate candidate for RRC placement once such an evaluation is made. To the extent that the BOP determines Wesson meets the requirements, the Court recommends that he be considered for RRC placement at the appropriate time.

Accordingly, for the foregoing reasons, the Court RECOMMENDS that the BOP place Wesson in an RRC at the earliest possible time and for the longest period provided by law or as

otherwise determined by the BOP. The Clerk is directed to serve a copy of this Opinion and Order

on the Warden of Lexington FMC, Wesson's case manager at that facility, and Wesson.

    **IT IS SO ORDERED**.


Dated: May 11, 2026

                                      **HONORABLE SARA LIOI**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**